Filing # 94120908 E-Filed 08/13/2019 07:05:31 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**ERMA BARMAPOV-SEGEV,**

      Plaintiff,

                                    CASE NO.: 2019-024047-CA-01

v.

**CITY OF MIAMI,
PUBLIC SERVICE AIDE JEM MARTINEZ,
in her individual capacity,
OFFICER ALTRON WILLIAMS in his individual capacity,
SERGEANT DELL AMICO in his individual capacity,
and OFFICER GONZALEZ, in his individual capacity,
LIEUTENANT K. HARRISON, in his individual capacity; and,
SERGEANT MATTHEW REYES, in his individual capacity,**

      Defendants.

_____/

## COMPLAINT

      COMES NOW, Plaintiff, **ERMA BARMAPOV-SEGEV,** ("**BARMAPOV-SEGEV**")by

and through the undersigned counsel, and sues Defendant, **CITY OF MIAMI, ("CITY"),**

**PUBLIC SERVICE AIDE JEM MARTINEZ** in her individual capacity ("**MARTINEZ**"),

**OFFICER ALTRON WILLIAMS** in his individual capacity ("**WILLIAMS**"), **SERGEANT**

**DELL AMICO** in his individual capacity ("**DELL AMICO**"), **OFFICER GONZALEZ** in his

individual capacity ("**GONZALEZ**"), and **LIEUTENANT K. HARRISON**, in his individual

capacity ("**HARRISON**"); and, **SERGEANT MATTHEW REYES**, in his individual capacity

("**REYES**"), and seeks damages alleging as follows:

## VENUE, JURISDICTION, AND PARTIES

      1.     This action is brought for defamation, malicious prosecution, false imprisonment,

false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress

1

unlawful search & seizure in violation of the Fourth Amendment of the United States Constitution, battery, and negligence under the laws of the state of Florida.

2.    Plaintiff ERMA BARMAPOV-SEGEV, ("BARMAPOV-SEGEV"), was at all times relevant, a resident of Palm Beach, Florida.

3.    Defendant CITY OF MIAMI, ("CITY"), was and is a municipality and/or political subdivision of the State of Florida located in Miami, Florida. Defendant CITY was at all times material hereto, operating and conducting business in Miami, Florida which includes but is not limited to supervising and being responsible for the actions and omissions of its agents and employees and includes but is not limited to managing, supervising, and overseeing the Miami Police Department, including establishing policies regarding the performance of their officer's conduct within the United States Constitution, Florida Constitution, and Florida Common Law.

4.    Defendant Public Service Aide JEM MARTINEZ, ID #42739, ("MARTINEZ"), was an agent and/or employee of Defendant CITY at the time of the incident.

5.    Defendant Officer ALTRON WILLIAMS, (#001-43507), ("WILLIAMS"), was an agent and/or employee of Defendant CITY at the time of the incident.

6.    Defendant Sergeant MARIO DELL AMICO, IBM #1465 ("DELL AMICO"), was an agent and/or employee of Defendant CITY at the time of the incident.

7.    Defendant Officer GONZALEZ ("GONZALEZ"), was an agent and/or employee of Defendant CITY at the time of the incident, and his badge number is to be determined.

8.    Defendant Lieutenant K. Harrison ("HARRISON"), was an agent and/or employee of Defendant CITY at the time of the incident, and his badge number is to be determined.

9.    Defendant Sergeant Mathew Reyes ("REYES"), was an agent and/or employee of Defendant CITY at the time of the incident, and his badge number is to be determined.

10.     All of the acts or omissions giving rise to this action occurred in Miami, Florida.

11.     Venue is proper in Miami, Florida as the incident arises out actions and inactions occurring within Miami.

12.     This is an action seeking damages in excess of fifteen thousand dollars ($15,000.00), exclusive of costs, interest, and attorney's fees.

13.     All conditions precedent, including those under Chapter 786, Florida Statutes have been complied with. Notice was provided on November 27, 2018.

14.     The actions and omissions of Defendant CITY, Defendant MARTINEZ, Defendant DELL AMICO, Defendant WILLIAMS, Defendant GONZALEZ, Defendant Harrison, and Defendant Reyes, actually and proximately caused Plaintiff BARMAPOV-SEGEV to suffer damages for which Plaintiff now seeks recovery by the filing of the instant action.

**FACTUAL ALLEGATIONS**

15.     On December 31, 2017, New Year's Eve, Plaintiff BARMAPOV-SEGEV a resident of Palm Beach County, Florida, was in Miami-Dade County celebrating New Year's Eve with her friend Jamie Rockwell. Rockwell sat in the passenger's seat of Plaintiff BARMAPOV-SEGEV's vehicle and witnessed the entire series of events that initiated the subject matter giving rise to this Complaint.

16.     At approximately 11:53 p.m., Plaintiff BARMAPOV-SEGEV was driving northbound at the intersection of Biscayne Boulevard and SE 3rd Street, in Miami, Florida. At that time, Defendant MARTINEZ, whom was at all material times an off-duty Public Service Aide and a civilian employee and/or agent of Defendant CITY with no law enforcement powers, attempted to direct traffic on the street that Plaintiff BARMAPOV-SEGEV was driving.

17.    After being stuck in traffic for *two (2) hours* Plaintiff BARMAPOV-SEGEV politely asked Defendant MARTINEZ if she could pass because she paid for an expensive dinner reservation for her party of two and was late and Plaintiff BARMAPOV-SEGEV approached Defendant MARTINEZ carefully in order to hear her response. In turn, Defendant MARTINEZ approached Plaintiff BARMAPOV-SEGEv's vehicle, *struck* Plaintiff BARMAPOV-SEGEV 's vehicle with her hand and told Plaintiff BARMAPOV-SEGEV to: "fuck off." Plaintiff BARMAPOV-SEGEV, was shocked and frightened that Defendant MARTINEZ would try to hit her through the window or would hit her car again and cause damage to her vehicle, and perceived that there was more than enough space to *safely* pass by Defendant MARTINEZ to avoid further danger.  As such, Plaintiff BARMAPOV-SEGEV proceeded safely past Defendant MARTINEZ with several feet to spare between her vehicle and Defendant MARTINEZ.

18.    Plaintiff BARMAPOV-SEGEV continued driving north for about thirty feet until she was again stuck in traffic and stopped by Defendant CITY's agent and/or employee on foot, Defendant DELL AMICO, based on *false information* provided by Defendant MARTINEZ to Defendant CITY's dispatch regarding Plaintiff BARMAPOV-SEGEV's operation of her vehicle; namely, Defendant MARTINEZ falsely alleged she had to jump out of the way of the vehicle and that Plaintiff BARMAPOV-SEGEV attempted to strike her person with the vehicle.

19.    As soon as Defendant DELL AMICO pulled Plaintiff BARMAPOV-SEGEV over she informed him that she was being harassed by the traffic woman, and Defendant DELL AMICO told Plaintiff BARMAPOV-SEGEV she should have respected her. Defendant DELL AMICO stopped Plaintiff BARMAPOV-SEGEV based on MARTINEZ's false allegations at approximately 10:30 p.m. one block north of where the alleged incident took place at: 100 Chopin Plaza, Miami, Florida 33131.

20.     Defendant DELL AMICO told Plaintiff BARMAPOV-SEGEV that witnesses said that she threatened a police officer. Plaintiff BARMAPOV-SEGEV denied the allegations and asked to see any tape or cell phone video of her harassing a police officer, none of which he could produce.  When Defendant DELL AMICO spoke to Defendant MARTINEZ, he lead Defendant MARTINEZ to make false allegations against Plaintiff BARMAPOV-SEGEV by asking leading and closed-ended questions such as: "were you in danger for your life?;" "were you afraid she was going to kill you with her car?;" and, "are you afraid of her at this moment?;" to all of which Defendant MARTINEZ falsely answered "yes" or "absolutely."

21.     When Defendant WILLIAMS arrived, the Plaintiff heard him place a call on his cell phone to Defendant DELL AMICO informing him that he, "could not make these charges stick." Plaintiff BARMAPOV-SEGEV heard Defendant DELL AMICO demand that Defendant WILLIAMS find a way to make the charges stick, furthering the violations of Plaintiff BARMAPOV-SEGEV's civil rights including her unlawful detention, arrest, and malicious prosecution. Defendant DELL AMICO had a phone conversation with a person of an apparently higher rank trying to figure out how to make the charges stick and which charges to press. Plaintiff BARMAPOV-SEGEV and three other law enforcement officers all heard the phone calls placed by Defendant DELL AMICO.   Defendant CITY's agent and/or employee, Defendant DELL AMICO detained and falsely imprisoned Plaintiff BARMAPOV-SEGEV on the side of the road from 10:30 p.m. until approximately 11:45 p.m. when she was placed into handcuffs and falsely arrested.  Plaintiff BARMAPOV-SEGEV was handcuffed and left in the car from approximately 11:45 p.m. until 2:00 a.m., when she asked Defendant CITY's officer to use the restroom and Defendant CITY's officer finally decided to drive her to the precinct.

22.     When Plaintiff BARMAPOV-SEGEV arrived at the precinct, she used the restroom and then asked to speak to a sergeant to explain the situation. Plaintiff BARMAPOV-SEGEV was shackled to a bench in the holding area where she observed a sign that said officers were not allowed to enter the area with their weapons; however, every officer entered the area armed with their weapons placing Plaintiff BARMAPOV-SEGEV's life in danger.   When Plaintiff BARMAPOV-SEGEV spoke to the sergeant Defendant REYES he said there is, "not one word you can say that will make me change my mind," clearly obstructing justice and refusing to perform a fair and impartial investigation; thus, aiding in her continued unlawful detention, false arrest, and malicious prosecution. Plaintiff BARMAPOV-SEGEV then asked to speak with a lieutenant to file a complaint against the sergeant Defendant REYES whom refused to listen to her version of events. Plaintiff BARMAPOV-SEGEV spoke to Defendant REYES who was finishing the report for Defendant WILLIAMS, she requested to speak to the Lieutenant and Sergeant Defendant REYES had her repeat the incident because he needed a reason to request the Lieutenant. When Plaintiff BARMAPOV-SEGEV spoke to the lieutenant Defendant HARRISON he told her there is, "not one word you can say that will make me change my mind," clearly obstructing justice and refusing to perform a fair and impartial investigation; thus, aiding in her continued unlawful detention, false arrest, and malicious prosecution. Plaintiff BARMAPOV-SEGEV told the lieutenant Defendant HARRISON that she wanted to file a complaint against the sergeant Defendant REYES and told her that he does not take reports or file complaints against his officers, clearly obstructing justice and refusing to perform a fair and impartial investigation; thus, aiding in her continued unlawful detention, false arrest, and malicious prosecution.   After lieutenant Defendant HARRISON spoke to Plaintiff BARMAPOV-SEGEV, upon information and

belief, he ordered Sergeant Reyes to charge Plaintiff BARMAPOV-SEGEV with a felony, a direct action that led to her wrongful arrest and malicious prosecution.

23.     Plaintiff BARMAPOV-SEGEV  was transported to booking after being held for hours and falsely arrested on January 1, 2018 for aggravated assault with a deadly weapon and failure to obey a police officer/firefighter, and transported to the Turner Guilford Knight Correctional Facility, where she was held until approximately 8:47 A.M. the following day.  In total, Plaintiff BARMAPOV-SEGEV was falsely imprisoned, detained, and otherwise arrested for approximately ten hours and thirty-seven minutes.  For the next seven and a half months Plaintiff BARMAPOV-SEGEV's life was turned upside as she fought the false criminal charges levied against her by Defendant MARTINEZ. Plaintiff BARMAPOV-SEGEV's charges were finally dropped on July 16, 2018.

24.     As a result of Defendant CITY's actions, by and through Defendant CITY's employees, agents and/or servants, Defendant MARTINEZ, Defendant DELL AMICO, Defendant WILLIAMS, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, Plaintiff BARMAPOV-SEGEV was falsely arrested, unlawfully detained, unlawfully searched and seized in violation of the Fourth Amendment of the United States Constitution, battered, forced to spend time in a Miami-Dade County jail, and charged with the felony of aggravated assault under Florida Statute §784.021 and failure to obey police officer/ firefighter under Florida Statute §316.072(3).

25.     On February 12, 2018 the State of Florida filed an information amending Plaintiff BARMAPOV-SEGEV's charges to failure to obey lawful order of an official, improper exhibition of a weapon, and culpable negligence. Thereafter recognizing that there was never sufficient cause to arrest and charge Plaintiff BARMAPOV-SEGEV with aggravated assault and failure to obey an officer/firefighter - *MARTINEZ was neither an officer nor a firefighter*.  The prosecutor's

office also eventually determined that there was not sufficient evidence to charge Plaintiff BARMAPOV-SEGEV by way of Information with improper exhibition of a dangerous weapon or firearm, culpable negligence, and failure to obey police officer; as such, the State of Florida *nolle prossed* all charges filed against Plaintiff BARMAPOV-SEGEV.

26.    Based on the review of the facts and evidence, it is clear that these charges were initiated to be filed in an attempt to maliciously prosecute Plaintiff BARMAPOV-SEGEV by Defendant CITY's agent and/or employee, Defendant MARTINEZ, with no reason other than her intent to cause Plaintiff BARMAPOV-SEGEV psychological, emotional, and financial harm. During the course of investigating and reviewing the actual evidence claimed to be possessed by the State of Florida against Plaintiff BARMAPOV-SEGEV, criminal defense attorneys Jose Baez, Esquire and Michelle Medina, Esquire, filed a Motion to Compel Video Surveillance requesting that the State of Florida turn over the video evidence in their possession that would exonerate Plaintiff BARMAPOV-SEGEV. In her Motion to Dismiss for Failure to Preserve, Attorney Medina advised the Court that there were eyewitnesses present at the time of the incident who contradict MARTINEZ' falsification of events that initiated the arrest of Plaintiff BARMAPOV-SEGEV.  Shortly thereafter all charges were *nolle prossed.*

27.    Rockwell, a witness, also in the car with Plaintiff BARMAPOV-SEGEV  at the time of the Incident, corroborated Plaintiff BARMAPOV-SEGEV's innocence, and stated to ASA Schulman that Plaintiff BARMAPOV-SEGEV advanced her vehicle because Plaintiff BARMAPOV-SEGEV *"could not hear"* Defendant MARTINEZ, and that Defendant MARTINEZ *"walked over and slammed her hand on the hood of [the] car…and said…something."* After this exchange Rockwell stated that Defendant MARTINEZ in fact *"backed up,"* and that Defendant MARTINEZ was *"not directly in front"* of Plaintiff

8

BARMAPOV-SEGEV's vehicle, when she *"made a big circle around MARTINEZ."* Yet, Defendant MARTINEZ continued to display her malicious intent to pursue the improper prosecution of Plaintiff BARMAPOV-SEGEV. On January 9, 2018, in a communication with ASA Schulman, Defendant MARTINEZ *falsely* stated that despite standing away from Plaintiff BARMAPOV-SEGEV's car, she had to *"jump away to avoid being hit"* and that if she *"did not, she would have hit her for sure."* **However, Defendant WILLIAMS completely contradicted Defendant MARTINEZ's testimony and provided a statement that Plaintiff BARMAPOV-SEGEV had:** ***"room to turn her wheel to the right and avoid [MARTINEZ] completely."***

28.     These charges appear to stem from Defendant MARTINEZ's irritation that Plaintiff BARMAPOV-SEGEV: *"kept running her mouth. [n]o apparent remorse,"* according to her statement. Defendant MARTINEZ, who is *not* a law enforcement officer, began to suggest crimes that Plaintiff BARMAPOV-SEGEV could be charged with, stating that she wanted Plaintiff BARMAPOV-SEGEV *"punished,"* clearing showing that her intention was to aide in the malicious prosecution of Plaintiff BARMAPOV-SEGEV. **In fact, in ASA's Schulman's Bind Down Reason she states:** ***"The evidence does not support the defendant driving her car directly at the v [victim] or in a manner that supported a direct threat to strike the v with the car. The v was advised of the bdcc charges."*** Plaintiff BARMAPOV-SEGEV's behavior clearly did not pose any danger to Defendant MARTINEZ or any other person and evidences the false allegations made by Defendant MARTINEZ.

29.     The conflicting statements provided by Defendant MARTINEZ, Defendant WILLIAMS, Rockwell, and Plaintiff BARMAPOV-SEGEV, clearly demonstrate that Defendant MARTINEZ, by virtue of lying to Defendant DELL AMICO, violated the civil rights of Plaintiff BARMAPOV-SEGEV and acted with malicious intent. Defendant MARTINEZ's false and

defamatory statements were the impetus that caused Defendant WILLIAMS and Defendant DELL AMICO to falsely arrest, falsely imprison, unlawfully search and seize Plaintiff BARMAPOV-SEGEV in violation of her rights under the Fourth Amendment of the United States Constitution and commit a battery upon her person. Defendant CITY is vicariously liable for the conduct of its employees, and directly liable for its employees and agent's negligence.

30.     The aforementioned charges were initiated by Defendant CITY in an attempt to maliciously prosecute Plaintiff BARMAPOV-SEGEV by Defendant CITY's agent and/or employee, Defendant MARTINEZ, with the no other reason that Defendant CITY's agent and/or employee's intent to cause Plaintiff BARMAPOV-SEGEV psychological, emotional, and financial harm.

31.     Defendant CITY, by and through the actions and inactions of its agents and/or employees Defendant MARTINEZ, Defendant DELL AMICO, Defendant WILLIAMS, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, actually and proximately caused the malicious prosecution, false arrest, false imprisonment, unlawful search and seizure under the Fourth Amendment of the United States Constitution, defamation, and battery sustained by Plaintiff BARMAPOV-SEGEV.   Plaintiff's injuries and damages are continuous and ongoing into the future.

## COUNT I
### FALSE ARREST against DEFENDANT CITY OF MIAMI, DEFENDANT MARTINEZ, DEFENDANT WILLIAMS, DEFENDANT GONZALEZ, DEFENDANT DELL AMICO, DEFENDANT HARRISON, and DEFENDANT REYES

32.     Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

33.     This is an action brought against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant GONZALEZ, Defendant DELL AMICO, Defendant

HARRISON, and Defendant REYES for the false arrest of Plaintiff BARMAPOV-SEGEV in violation of Florida law.

34.     Based on the false allegations of Defendant CITY's agent and/or employee Defendant MARTINEZ, Plaintiff BARMAPOV-SEGEV was stopped by Defendant DELL AMICO, arrested, and transported to jail by Defendant GONZALEZ and Defendant WILLIAMS against her will.  Defendant CITY's agents and/or employees acted solely on the false allegations of Defendant MARTINEZ, Defendant DELL AMICO, Defendant WILLIAMS, and Defendant GONZALEZ failed in their respective duties properly investigate Defendant MARTINEZ's claims prior to battering and holding Plaintiff BARMAPOV-SEGEV against her will *without* probable cause, thereby rendering the detention, arrest, transport to jail, and being held in custody unreasonable under the circumstances.  Defendant REYES and Defendant HARRISON, refused to take into consideration Plaintiff BARMAPOV-SEGEV's version of events, refused to take a complaint against any officers, and instead, retaliated against her for attempting to report the violations of her civil rights and adding a felony to her charges.

35.     Under Florida Law an arresting officer is <u>required</u> to conduct a reasonable investigation in order to determine if probable cause exists to arrest a person.  Rockwell and Defendant WILLIAMS made numerous statements that directly refuted Defendant MARTINEZ's claims and under Florida law, law enforcement officers are not authorized to arrest someone without a warrant if that person is lawfully traveling a public way and take him into custody on nothing more than a bare suspicion that she has, or might have, violated the law.

36.     Defendant CITY, by and through its agents, employees, and/or servants Defendants MARTINEZ, DELL AMICO, WILLIAMS, and GONZALEZ, all acting via the Miami Police Department and City of Miami caused to be detained and actually detained Plaintiff BARMAPOV-

SEGEV without any reasonable or probable cause, for an excessive period of time, against Plaintiff BARMAPOV-SEGEV's will, and this restraint was unreasonable under the circumstances.

37.     The actions and omissions of Defendants DELL AMICO, GONZALEZ, WILLIAMS, Defendant HARRISON, and Defendant REYES were based on the uninvestigated, unsubstantiated, and false claims of Defendant MARTINEZ, and had Defendant DELL AMICO acted with due diligence he would have discovered that Defendant MARTINEZ's falsified her allegations and Defendant CITY is responsible for the actions and omissions of its police officers and public service aides acting within the apparent scope of their employment, including that of Defendants MARTINEZ, DELL AMICO, WILLIAMS, HARRISON, and REYES.

38.     The acts or omissions by Defendant CITY's police officers and public service aides, as agents, employees, and/or servants are the proximate cause of Plaintiff BARMAPOV-SEGEV's injuries and has caused Plaintiff BARMAPOV-SEGEV to suffer grievously, including being brought into public scandal, great humiliation, and mental suffering, the expense of defense fees and costs and other expenses associated with her arrest and prosecution, loss of past wages and future earning capacity, all of which exist to this day and will continue in the future. Further, Plaintiff BARMAPOV-SEGEV suffered bodily injuries resulting in pain and suffering, mental anguish, loss of earnings, and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY OF MIAMI, Defendant MARTINEZ, Defendant WILLIAMS, Defendant GONZALEZ, Defendant DELL AMICO, Defendant HARRISON, and Defendant REYES pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

   a.     Award compensatory and actual damages to Plaintiff;

b.      Award costs of this action to Plaintiff;

c.      Award punitive damages to Plaintiff;

d.      Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

### COUNT II
### FALSE IMPRISONMENT against DEFENDANT CITY OF MIAMI, DEFENDANT MARTINEZ, DEFENDANT WILLIAMS, DEFENDANT DELL AMICO, DEFENDANT GONZALEZ, DEFENDANT HARRISON, and DEFENDANT REYES

39.     Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

40.     This is an action brought against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, for false imprisonment in violation of Florida Statute §787.02(1)(a). Defendants were within the course and scope of their employment with Defendant City of Miami at all times material hereto.

41.     Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, unlawfully detained and deprived Plaintiff BARMAPOV-SEGEV of her liberty against her will based on the false statements of Defendant Martinez.

42.     Defendant MARTINEZ maliciously and intentionally lied when reporting Plaintiff BARMAPOV-SEGEV's conduct to the Miami Police Department and due to the lack of any investigation into the actual facts by Defendants DELL AMICO, WILLIAMS, GONZALEZ, HARRISON, and REYES, these agents and/or employees acted without proper legal authority for want of probable cause in this matter.

13

43.     Without legal authority, Defendant CITY's agents and/or employees stopped Plaintiff BARMAPOV-SEGEV, detained her, handcuffed her, took her into custody, and transported her to jail where she spent a number of hours, increasingly trumping up charges to a felony.

44.     Under Florida law, probable cause to arrest exists when the totality of the facts and circumstances within an officer's knowledge sufficiently warrant a reasonable person to believe that, more likely than not, a crime has been committed. Such is not the case in this instance and Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, lacked probable cause, yet proceed with their unlawful conduct, actually and proximately causing damages and injuries to Plaintiff BARMAPOV-SEGEV.

45.     Defendants MARTINEZ, DELL AMICO, WILLIAMS, GONZALEZ, HARRISON, and REYES, did not have substantial reason to believe that Plaintiff BARMAPOV-SEGEV committed a crime. Without conducting any investigation of the facts, Plaintiff BARMAPOV-SEGEV was detained, handcuffed, and taken into custody, transported to jail, and held against her will for an unreasonable manner and for an unreasonable length of time. In total, Plaintiff BARMAPOV-SEGEV was falsely imprisoned, detained, and otherwise arrested for approximately ten hours and thirty-seven minutes.

46.     Defendant CITY is vicariously responsible for the actions of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, whom were all acting within the scope of their employment, and their actions and omissions caused Plaintiff BARMAPOV-SEGEV to suffer grievously.

47.     Plaintiff BARMAPOV-SEGEV's permanent and ongoing injuries were actually and proximately caused by the actions and omissions of Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYEES, and include but are not limited to psychological depressive symptoms, financial harm, emotional distress, pain, suffering, humiliation, an arrest and criminal record as well as social harm to her reputation, actually and proximately caused by Defendant CITY.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY OF MIAMI, Defendant MARTINEZ, Defendant DELL AMICO, Defendant WILLIAMS, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

   a.     Award compensatory and actual damages to Plaintiff;

   b.     Award costs of this action to Plaintiff;

   c.     Award punitive damages to Plaintiff;

   d.     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT III
### UNLAWFUL SEARCH AND SEIZURE UNDER THE 4TH AMENDMENT OF THE UNITED STATES CONSTITUTION against DEFENDANT MARTINEZ, DEFENDANT GONZALEZ, DEFENDANT WILLIAMS, DEFENDANT DELL AMICO, DEFENDANT HARRISON, and DEFENDANT REYES

48.     Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

49.     This is an action against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, for the unlawful search and seizure of Plaintiff BARMAPOV-SEGEV in violation of the Fourth Amendment of the United States Constitution.

50.     Plaintiff BARMAPOV-SEGEV's civil rights were violated due to the fact that Defendant MARTINEZ made false allegations about Plaintiff BARMAPOV-SEGEV, whom was not engaged in any criminal activity. Defendant MARTINEZ lied when she radioed that Plaintiff BARMAPOV-SEGEV tried to hit her with her vehicle and she had to jump out of the way to avoid being hit.

51.     Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, agents and/or employees of Defendant CITY had a *duty* to protect the personal liberty of Plaintiff BARMAPOV-SEGEV and they failed to do so. Defendant MARTINEZ'S lies caused Defendant DELL AMICO and Defendant WILLIAMS to stop, falsely imprison, and detain Plaintiff BARMAPOV-SEGEV, and Defendant GONZALEZ to transport Plaintiff BARMAPOV-SEGEV to Turner Guilford Knight Jail, which was all done without probable cause and without a cursory investigation of the facts leading to Plaintiff BARMAPOV-SEGEV's false arrest, false imprisonment, and unlawful search and seizure.

52.     Plaintiff BARMAPOV-SEGEV was taken to jail as a direct and proximate cause of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, and Defendant CITY's actions and omissions. This incident was never properly investigated and had Defendant CITY's agents and/or employees conducted even a minimal investigation they would have discovered the truth that was later corroborated.   Defendants

REYES and HARRISON refused to conduct any investigation into the facts and circumstances, refused to file any report or complaint, and instead escalated the incident and filed a felony charge to retaliate against her attempt to assert her civil rights.

53.     Plaintiff BARMAPOV-SEGEV's passenger, Rockwell corroborated Plaintiff BARMAPOV-SEGEV's statement that MARTINEZ was the aggressor in this situation – cursing at Plaintiff BARMAPOV-SEGEV and striking her car. Defendant WILLIAMS' statement also supported Plaintiff BARMAPOV-SEGEV's position, yet despite having exonerating information, he proceeded to violate Plaintiff BARMAPOV-SEGEV's civil rights and failed to intervene to prevent her arrest.

54.     It is also important to reiterate the fact that ASA's Schulman's Bind Down Reason states that: *"The evidence does not support the defendant driving her car directly at the v [victim] or in a manner that supported a direct threat to strike the v with the car. The v was advised of the bdcc charges.* The evidence is clear. Neither the search nor the seizure of Plaintiff BARMAPOV-SEGEV on the night of the incident was justified or warranted. Plaintiff BARMAPOV-SEGEV's civil rights were willingly, knowingly, and maliciously violated by Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ, all of whom were Defendant CITY's agents and/or employees, without evidence existing to search and/or seize Plaintiff BARMAPOV-SEGEV. The actions of these Defendants were therefore based on lies, fabrications, and material misrepresentations made by Defendant MARTINEZ to other law enforcement officers, and their subsequent failure to conduct a cursory inspection or investigation.

55.     Prior to and including December 27, 2017 and at all times material hereto, the official policy makers of Defendant CITY were its City Commission and/or the City Manager, and Defendant CITY, by and through their police department, developed policies and customs

exhibiting deliberate indifference to the constitutional rights of their citizens, that were the moving force behind the violation of Plaintiff BARMAPOV-SEGEV's rights, specifically the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure.

56.     Defendant CITY had an unofficial/defacto policy/custom, tolerating the use of excessive force and unreasonable search and seizure by members of its police department. Said policies were so widespread and well settled within Defendant CITY that it constituted custom and usage with the force of law. Defendant CITY's official policy makers were on actual and/or constructive notice of the widespread practice of excessive force and unreasonable search and seizure within its police department.

57.     As a direct and proximate result of Defendant CITY's unofficial policy/custom tolerating the use of excessive force and unreasonable search and seizure, Defendant CITY allowed members of its police department to violate Fourth Amendment rights of its citizenry without fear of a thorough investigation into their actions and fear of any meaningful discipline for their actions and on December 31, 2017 and January 1, 2018 Defendant CITY's police officers executed Defendant CITY's unofficial/defacto policy/custom which inflicted the injury upon Plaintiff BARMAPOV-SEGEV.

58.     The following was revealed during Plaintiff BARMAPOV-SEGEV's pre-suit investigation, and it is clear that Defendant CITY has had a longstanding policy/custom of tolerating the use of excessive force, unreasonable search and seizure, and misconduct committed by their police force, to wit:

      i.     In 2016 the United States Department of Justice found Defendant CITY's police department liable for violating citizen's rights to be free from unreasonable search and seizure under the 4th Amendment of the United States Constitution.

ii.     It has been reported in a 2014 Miami New Times article that Miami Police have used their Tasers more than 3000 times and at least 11 men have died.

iii.     In 2003, the United States Department of Justice put Defendant CITY on notice that their police department was not consistent in its definition of appropriate use of force. They also determined that Defendant CITY failed to provide their police force with clear guidance on what constitutes reasonable use of force. The Department of Justice also found glaring problems with Defendant CITY's force reporting procedures and that they discouraged the filing of complaints against their officers. These facts, among other led the United States Justice Department to conclude and notify Defendant CITY that there was a "heightened risk that MPD officers would use force, including deadly force, excessively;"

iv.     Between 1990 and 2001 Defendant CITY paid nearly $18 million in 110 federal and state lawsuits involving allegations of brutality, misconduct and wrongful death caused by their police officers.

v.     Defendant CITY had 13 police officers indicted by federal prosecutors and charged with concocting evidence and planting guns.

vi.     According to U.S. District Judge Alan Gold, Defendant CITY had a "pattern and practice" among its police officers to conspire to plant guns and obstruct justice.

vii.     According to United States District Judge Marcia G. Cooke, Defendant CITY continually violated Fourth Amendment rights of individuals.

viii.     Defendant CITY was found to have a "systematic problem" of misconduct according to former Miami Mayor Joe Carollo.

ix.     Defendant CITY has been the subject of numerous federal investigations and inquiries.

x.     Defendant CITY was found by the United States Department of Justice to be inconsistent with their definition of appropriate use of force.

xi.     Defendant CITY failed to adequately investigate and impose potential discipline on officers because internal affairs investigators failed to finish investigations on time.

xii.     Defendant CITY's officers were referred to by former Chief Exposito as "Predators."

xiii.     Defendant CITY used "leading" questions with their officers in internal affairs investigations.

xiv.   Defendant CITY failed to impose any meaningful discipline on their officers after clear use of excessive force out of fear for union grievances.

xv.   Defendant CITY knowingly allowed many police officers to go undisciplined, reassigned or terminated despite having well documented histories of excessive force and *misconduct* in the past including but not limited to officers Rafael Borroto, Michael Ragusa, Odney Belfort, Eric Guzman, George Diaz, and Javier Ortiz.

xvi.   As a result of the violating citizens' human rights, Defendant CITY has a clear *defacto* policy/custom tolerating the use of excessive force and unreasonable search and seizure by its employees, agents and/or servant police officers This unofficial policy/custom led other Defendant CITY police officers to believe that not only would their actions not be properly monitored, they would go unpunished and *tolerated* by his superiors.

xvii.   The above policies and customs demonstrated a deliberate indifference on the part of the policymakers of Defendant CITY to the Constitutional rights of persons within Defendant CITY and were the moving force of the violations of Plaintiff BARMAPOV-SEGEV's rights alleged herein.

59.   Plaintiff BARMAPOV-SEGEV's permanent and ongoing injuries were actually and proximately caused by Defendant CITY and its agents and/or employees Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, and include but are not limited to: psychological depressive symptoms, financial harm, emotional distress, pain, suffering, humiliation, an arrest and criminal record as well as social harm to her reputation, actually and proximately caused by Defendant CITY.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

      a.     Award compensatory and actual damages to Plaintiff;

      b.     Award costs of this action to Plaintiff;

      c.     Award punitive damages to Plaintiff;

      d.     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT IV
## DEFAMATION against DEFENDANT CITY and DEFENDANT MARTINEZ

60.    Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

61.    This action is brought pursuant to Florida statutes and the laws of the state of Florida based upon defamation.

62.    Defendant CITY, by and through Defendant MARTINEZ, communicated false allegations to third parties that Plaintiff BARMAPOV-SEGEV engaged in criminal conduct wherein Defendant MARTINEZ consistently and knowingly provided false statements to Miami Police Department Officers, Sergeants, and ASA Schulman in order have Plaintiff BARMAPOV-SEGEV falsely arrested, falsely imprisoned, unlawfully searched and seized, and maliciously prosecuted. At all times material hereto, Defendants were employed with Defendant City of Miami and within the course and scope of their employment with same.

63.    Defendant MARTINEZ radioed that Plaintiff BARMAPOV-SEGEV was about to intentionally strike her with the vehicle she was driving, which claims were proven to be false based on the video of the incident, statements of Defendant WILLIAMS, Rockwell, and ASA Schulman's Bind Down Report.

64.    Defendant MARTINEZ's defamatory statements accused Plaintiff BARMAPOV-SEGEV of crimes that led to her arrest and prosecution were so inherently damaging that damages are presumed to exist because she was accused of committing a crime.

65.    Defendant MARTINEZ had a duty to communicate any allegations in the context of her employment with truth and integrity at all times, and Defendant MARTINEZ breached that duty by blatantly lying to the Miami Police Department regarding Plaintiff BARMAPOV-SEGEV's conduct, and Defendant MARTINEZ's actions, omissions, and lies were the actual and proximate cause of Plaintiff BARMAPOV-SEGEV 's injuries.

66.    As a direct and proximate cause of Defendant MARTIENEZ's misconduct including communicating false allegations of criminal conduct to third parties, Plaintiff BARMAPOV-SEGEV has suffered damages and is entitled to recovery against Defendant CITY.

67.    Plaintiff BARMAPOV-SEGEV's permanent and ongoing injuries were actually and proximately caused by Defendant CITY and its agent and/or Defendant MARTINEZ, for whom it is vicariously liable, and these damages and injuries include but are not limited to psychological depressive symptoms, financial harm, emotional distress, pain, suffering, humiliation, an arrest and criminal record as well as social harm to her reputation.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY and Defendant MARTINEZ pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

      a.      Award compensatory and actual damages to Plaintiff;

      b.      Award costs of this action to Plaintiff;

      c.      Award punitive damages to Plaintiff;

      d.      Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

**COUNT V**
**MALICIOUS PROSECUTION against DEFENDANT CITY, DEFENDANT MARTINEZ,**
**DEFENDANT WILLIAMS, DEFENDANT DELL AMICO, DEFENDANT GONZALEZ,**
**DEFENDANT HARRISON, and DEFENDANT REYES**

68.     Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth

herein.

69.     This action is brought pursuant to Florida statutes and the laws of the state of

Florida based upon malicious prosecution.

70.     Defendant CITY's agent and/or employee Defendant MARTINEZ maliciously and

without probable cause, caused the State Attorney's Office to initiate a criminal investigation

against Plaintiff BARMAPOV-SEGEV for wholly improper purposes and to cause her harm, and

by doing so abused the legal system in an attempt to initiate malicious prosecution against Plaintiff

BARMAPOV-SEGEV. To wit: Defendant CITY, by and through its agent and/or employee

Defendant MARTINEZ intentionally and maliciously filed and/or caused the filings of the

following false allegations of criminal conduct against Plaintiff BARMAPOV-SEGEV, which

include but are not limited to: improper exhibition of a dangerous weapon or firearm, culpable

negligence, and failure to obey police officer. All of these charges caused to be filed by Defendant

CITY against Plaintiff BARMAPOV-SEGEV were dismissed and/or *nolle prossed*.  Defendants

were within the course and scope of their employment with Defendant City of Miami at all times

material hereto.

71.     Defendant MARTINEZ, by knowingly, maliciously, and intentionally making a

false report about Plaintiff BARMAPOV-SEGEV, caused Plaintiff BARMAPOV-SEGEV to be

arrested, and her actions were clearly done with ill will or evil intent to cause Plaintiff BARMAPOV-SEGEV harm.

72.     Defendant MARTINEZ's actions and omissions amounted to actual malice because Defendant MARTINEZ either knew or had reason to know that the charges she alleged against Plaintiff BARMAPOV-SEGEV were false and groundless.

73.     As a result of Defendant MARTINEZ's actions, omissions, and lies, Plaintiff BARMAPOV-SEGEV was arrested, and taken into custody and transported to Turner Guilford Knight Jail with criminal charges pending against her, as she was charged with aggravated assault with a deadly weapon and failure to obey police officer/firefighter immediately after MARTINEZ initiated her false reports.

74.     In addition to Defendant MARTINEZ, Defendants DELL AMICO, WILLIAMS and GONZALEZ are also liable for actively taking part in the malicious prosecution of Plaintiff BARMAPOV-SEGEV. Defendants DELL AMICO, GONZALEZ, and WILLIAMS all lacked probable cause to proceed with the prosecution of Plaintiff BARMAPOV-SEGEV, yet proceeded without fulfilling investigating the facts. A cursory review of video evidence would have exonerated Plaintiff BARMAPOV-SEGEV. Instead they participated in and furthered the wrongful arrest, detention, and malicious prosecution of Plaintiff BARMAPOV-SEGEV.

75.     The totality of the circumstances confirm that the criminal proceedings initiated against Plaintiff BARMAPOV-SEGEV were done with malice and without probable cause. This was made clear from the fact that not only did SAO Schulman's Bind Down Reason, state: *"The evidence does not support the defendant driving her car directly at the v [victim] or in a manner that supported a direct threat to strike the v with the car. The v was advised of the bdcc charges[,]"* but the testimony of Defendant WILLIAMS, Rockwell, and Defendant MARTINEZ's *own*

*admission* further support the fact that these criminal proceedings were instigated maliciously and without probable cause. All charges against Plaintiff BARMAPOV-SEGEV, *including* those filed by Information after her arrest, were dismissed and/or *nolle prossed.* Defendant REYES and Defendant HARRISON, refused to take into consideration Plaintiff BARMAPOV-SEGEV's version of events, refused to take a complaint against any officers, and instead, retaliated against her for attempting to report the violations of her civil rights and adding a felony to her charges.

76.     Plaintiff BARMAPOV-SEGEV nonetheless suffered damages and injury as a result of Defendant CITY's agents and/or employees' actions and omissions. Not only did Plaintiff BARMAPOV-SEGEV have to suffer the trauma of spending time in jail, she now also has an arrest record, a mug shot available for the world to see, and a criminal record Plaintiff BARMAPOV-SEGEV has never previously been cited for road rage nor any form of criminal conduct. Plaintiff BARMAPOV-SEGEV also had to pay attorneys' fees and costs in order to defend the charges stemming from this malicious prosecution, and still suffers from humiliation, emotional distress, depression, anxiety, and social stigma of having been arrested and jailed.

77.     The actions and omissions of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, all of whom are Defendant CITY's agents and/or employees, were the actual and proximate cause of Plaintiff BARMAPOV-SEGEV Barmapov-Segev's injuries and damages, for which Defendant CITY can be held directly and vicariously liable.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISION, and

Defendant REYES, pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

      a.      Award compensatory and actual damages to Plaintiff;

      b.      Award costs of this action to Plaintiff;

      c.      Award punitive damages to Plaintiff;

      d.      Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT VI
### BATTERY against DEFENDANT CITY, DEFENDANT MARTINEZ, DEFENDANT WILLIAMS, DEFENDANT DELL AMICO and DEFENDANT GONZALEZ

78.      Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

79.      This is an action brought against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ for battery in violation of Florida Statute §784.03.

80.      At all times material hereto, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ were all employees, servants, and/or agents of Defendant CITY and acting within the course and scope of their employment with same in furtherance of the interest of Defendant CITY and with Defendant CITY's consent.

81.      In violation of Florida law, Defendant MARTINEZ, acted with malice and her intentional, malicious actions, omissions, and false statements created the conditions that led to the actual intentional and non-consensual touching of Plaintiff BARMAPOV-SEGEV when Defendant MARTINEZ struck Plaintiff BARMAPOV-SEGEV's vehicle with her hand whilst

verbally abusing Plaintiff BARMAPOV-SEGEV, and causing Plaintiff BARMAPOV-SEGEV to suffer a battery during her detention, arrest, handcuffing, and transport to jail by Defendants DELL AMICO, GONZALEZ, and WILLIAMS.

82.    Plaintiff BARMAPOV-SEGEV's arrest was not lawful, and Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ did not have probable cause to arrest Plaintiff BARMAPOV-SEGEV or take her into custody, yet did so, intentionally, committing a battery and using excessive force given the circumstances of this unsubstantiated and falsified criminal act.

83.    Plaintiff BARMAPOV-SEGEV nonetheless suffered damages and injury as a result of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ' actions and omissions. Not only did Plaintiff BARMAPOV-SEGEV have to suffer the trauma of spending time in jail, she now also has an arrest record, a mug shot available for the world to see, and a criminal record Plaintiff BARMAPOV-SEGEV has never previously been cited for road rage nor any form of criminal conduct. Plaintiff BARMAPOV-SEGEV also had to pay attorneys' fees and costs in order to defend the charges stemming from this malicious prosecution, and still suffers from humiliation, emotional distress, depression, anxiety, and social stigma of having been arrested and jailed.

84.    The actions and omissions of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ were the actual and proximate cause of Plaintiff BARMAPOV-SEGEV's injuries and damages, for which Defendant CITY can be held directly and vicariously liable.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY Defendant MARTINEZ, Defendant

WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ, pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

      a.    Award compensatory and actual damages to Plaintiff;

      b.    Award costs of this action to Plaintiff;

      c.    Award punitive damages to Plaintiff;

      d.    Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT VII
## NEGLIGENCE, and/or NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION against DEFENDANT CITY

85.    Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

86.    This is an action brought against Defendant CITY for negligence.

87.    As such, Defendant CITY is liable for all of its employees, servants, and/or agents' acts and omissions that gave rise to this Complaint, including the actions and inactions of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ.

88.    Defendant CITY, by and through Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ, owed and continues to owe a duty to Plaintiff BARMAPOV-SEGEV to act in a prudent and reasonable manner with regard to her health and safety. Defendant CITY owed and continues to owe a duty a ministerial and non-discretionary duty to provide responsible and effective oversight of its employees, agents, and/or servants, including Defendants MARTINEZ, DELL AMICO, WILLIAMS, and GONZALEZ. Defendant

CITY also has a ministerial and non-discretionary duty to establish proper policies, customs, and regulations carried out by all employees, agents, and/or servants including Defendants MARTINEZ, DELL AMICO, WILLIAMS, and GONZALEZ. Furthermore, Defendant CITY owes a legal duty to Plaintiff BARMAPOV-SEGEV to supervise Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, and retain only those fit for duty, and to properly train and retrain said personnel.

89.     Prior to the arrest, detention, and malicious prosecution of Plaintiff BARMAPOV-SEGEV, Defendant CITY had a custom or policy of failing to properly train, retrain, supervise, and discipline police officers and public safety aides on the use of unreasonable search and seizure and the requirement to treat females equally to other citizens, despite having actual knowledge of the need to do so and based upon its pattern and practices. Defendant CITY's employees were not subject to any discipline or any additional training as a result of their misconduct for the instant incident. The aforementioned failures surmounted to violations of non-discretionary duties Defendant CITY owed to citizens of Miami-Dade County including Plaintiff BARMAPOV-SEGEV. Defendant CITY breached its duties, including the ministerial duties owed to Plaintiff BARMAPOV-SEGEV.

90.     Defendant CITY knew or should have known of the dangers posed by failing to properly train, re-train, and supervise Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ, negligently retaining Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISION, and Defendant REYEs, and that said actions and inactions were likely to result in violations of citizens' rights, and as such were reasonably foreseeable.

91.     Plaintiff BARMAPOV-SEGEV suffered damages and injuries as a result of Defendant CITY's agents and/or employees' actions and omissions. Not only did Plaintiff BARMAPOV-SEGEV have to suffer the trauma of spending time in jail, she now also has an arrest record, a mug shot available for the world to see, and a criminal record Plaintiff BARMAPOV-SEGEV has never previously been cited for road rage nor any form of criminal conduct. Plaintiff BARMAPOV-SEGEV also had to pay attorneys' fees and costs in order to defend the charges stemming from this malicious prosecution, and still suffers from humiliation, emotional distress, depression, anxiety, and social stigma of having been arrested and jailed.

92.     The actions and omissions of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISION, and Defendant REYES, all agents and/or employees of Defendant CITY were the actual and proximate cause of Plaintiff BARMAPOV-SEGEV's injuries and damages, for which Defendant CITY is directly and vicariously liable.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

a.      Award compensatory and actual damages to Plaintiff;

b.      Award costs of this action to Plaintiff;

c.      Award punitive damages to Plaintiff;

d.      Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT VIII
## NEGLIGENCE, NEGLIGENT SUPERVISION, and FAILURE TO CONDUCT A

**FAIR AND IMPARTIAL INVESTIGATION against DEFENDANT CITY**

93.     Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

94.     This is an action brought against Defendant CITY for negligence.

95.     Defendant CITY had and has an affirmative duty to ensure that Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, and Defendant GONZALEZ did not fabricate the truth for any reason whatsoever, and that they deliver a factual recitation of events, a duty that Defendant MARTINEZ breached.  Adding insult to injury Defendant CITY employee continued to breach the duties owed to Plaintiff BARMAPOV-SEGEV; to wit, Defendant DELL AMICO and Defendant WILLIAMS fail to properly conduct a fair and impartial investigation into MARTINEZ' claims, particularly because she is *not* an actual law enforcement agent.   Moreover, Defendant REYES and Defendant HARRISON, refused to take into consideration Plaintiff BARMAPOV-SEGEV's version of events, refused to take a complaint against any officers, and instead, retaliated against her for attempting to report the violations of her civil rights and adding a felony to her charges.

96.     Plaintiff BARMAPOV-SEGEV and Rockwell stated on multiple occasions that Defendant MARTINEZ struck the car that Plaintiff BARMAPOV-SEGEV drove, battering her and posing threat of future harm to her property and person.  Furthermore, Defendant MARTINEZ was clearly in the state of mind that would lend to falsely accusing Plaintiff BARMAPOV-SEGEV. The officers could have simply requested to view the tape that captured the incident and exonerated Plaintiff BARMAPOV-SEGEV via video evidence.

97.     Instead, both Defendants DELL AMICO and WILLIAMS tried to find theories of law to charge Plaintiff BARMAPOV-SEGEV with various crimes to support Defendant

MARTINEZ and proceeded on her false allegations, causing physical, emotional and economic harm to Plaintiff BARMAPOV-SEGEV. Had Defendant CITY's agents and/or employees been properly supervised, they would have refrained from believing that they *could* make false allegations against Plaintiff BARMAPOV-SEGEV, and would have also *investigated* all allegations made *prior* to taking any kind of action, particularly arresting, aiding in, and causing the malicious prosecution of Plaintiff BARMAPOV-SEGEV.

98.     The failure to properly supervise is exemplified by the fact that even after taking Plaintiff BARMAPOV-SEGEV into custody none of Defendant CITY's employees or their supervising agents reviewed the video evidence that would have exonerated Plaintiff BARMAPOV-SEGEV and prevented her malicious prosecution, or said employees reviewed the video footage and aided in the malicious prosecution of Plaintiff BARMAPOV-SEGEV with full knowledge of her innocence.

99.     At all material times hereto Defendant CITY owed Plaintiff BARMAPOV-SEGEV a duty to protect Plaintiff BARMAPOV-SEGEV's constitutional and state law rights as well as a duty to not cause harm to Plaintiff BARMAPOV-SEGEV.

100.    Defendant CITY, by and through its employees, agents, and/or servant's actions and inactions which lead to the unlawful arrest and malicious prosecution of Plaintiff BARMAPOV-SEGEV constituted a breach of the duties Defendant CITY owed to Plaintiff BARMAPOV-SEGEV.

101.    Defendant CITY, by and through its employees, agents, and/or servant's actions and omissions were taken without the degree of care, skill, and diligence regularly exercised by members of their profession in an attempt to carry out their duties within the scope of their employment as agents of Defendant CITY.

102.   Defendant CITY is liable for the acts and omissions of their respective police officers and public service aides, as its employees, agents, and/or servants, performed within the scope of employment.

103.   Plaintiff BARMAPOV-SEGEV suffered damages and injury as a result of Defendant CITY's agents and/or employees' actions and omissions. Not only did Plaintiff BARMAPOV-SEGEV have to suffer the trauma of spending time in jail, she now also has an arrest record, a mug shot available for the world to see, and a criminal record Plaintiff BARMAPOV-SEGEV has never previously been cited for road rage nor any form of criminal conduct. Plaintiff BARMAPOV-SEGEV also had to pay attorneys' fees and costs in order to defend the charges stemming from this malicious prosecution, and still suffers from humiliation, emotional distress, depression, anxiety, and social stigma of having been arrested and jailed.

104.   The actions and omissions of Defendant CITY and its agents and/or employees were the actual and proximate cause of Plaintiff BARMAPOV-SEGEV's injuries and damages, for which Defendant CITY can be held directly and vicariously liable.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY, pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

a.     Award compensatory and actual damages to Plaintiff;

b.     Award costs of this action to Plaintiff;

c.     Award punitive damages to Plaintiff;

d.     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT IX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS against DEFENDANT CITY, DEFENDANT MARTINEZ, DEFENDANT WILLIAMS, DEFENDANT DELL AMICO, DEFENDANT GONZALEZ, DEFENDANT HARRISON, and DEFENDANT REYES

105.    Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

106.    This action is brought pursuant to Florida statutes and the laws of the state of Florida based upon intentional infliction of emotional distress.

107.    Defendant CITY, by and through its agents and/or employees Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, actions of falsely accusing Plaintiff BARMAPOV-SEGEV of misconduct and through abusing the legal system to initiate malicious prosecution were deliberate and reckless, and amount to outrageous conduct that is atrocious and intolerable in a civilized society.

108.    Plaintiff BARMAPOV-SEGEV suffered damages and injury as a result of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISION, and Defendant REYES' actions and omissions. Not only did Plaintiff BARMAPOV-SEGEV have to suffer the trauma of spending time in jail, she now also has an arrest record, a mug shot available for the world to see, and a criminal record Plaintiff BARMAPOV-SEGEV has never previously been cited for road rage nor any form of criminal conduct. Plaintiff BARMAPOV-SEGEV also had to pay attorneys' fees and costs in order to defend the charges stemming from this malicious prosecution, and still suffers from humiliation, emotional distress, depression, anxiety, and social stigma of having been arrested and jailed.

109.    The actions and omissions of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, were the actual and proximate cause of Plaintiff BARMAPOV-SEGEV injuries and damages, for which Defendant CITY can be held directly and vicariously liable.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

a.    Award compensatory and actual damages to Plaintiff;

b.    Award costs of this action to Plaintiff;

c.    Award punitive damages to Plaintiff;

d.    Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

<u>**COUNT X**</u>
<u>**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS against DEFENDANT CITY, DEFENDANT MARTINEZ, DEFENDANT WILLIAMS, DEFENDANT DELL AMICO, DEFENDANT GONZALEZ, DEFENDANT HARRISON, and DEFENDANT REYES**</u>

110.    Plaintiff BARMAPOV-SEGEV reincorporates paragraphs 1-31 as if fully set forth herein.

111.    This action is brought pursuant to Florida statutes and the laws of the state of Florida based upon Defendant CITY's negligent infliction of emotional distress.

112. Defendant CITY as well as its agents and/or employees, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, had a duty to act in a reasonable and prudent manner.

113. Defendant CITY, by and through its agents and/or employees Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, breached their duties owed by behaving in an unreasonable manner; including but not limited to, falsely accusing Plaintiff BARMAPOV-SEGEV of misconduct and abusing the legal system to initiate malicious prosecution.

114. Plaintiff BARMAPOV-SEGEV suffered damages and injury as a result of Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES' actions and omissions. Not only did Plaintiff BARMAPOV-SEGEV have to suffer the trauma of spending time in jail, she now also has an arrest record, a mug shot available for the world to see, and a criminal record Plaintiff BARMAPOV-SEGEV has never previously been cited for road rage nor any form of criminal conduct. Plaintiff BARMAPOV-SEGEV also had to pay attorneys' fees and costs in order to defend the charges stemming from this malicious prosecution, and still suffers from humiliation, emotional distress, depression, anxiety, and social stigma of having been arrested and jailed.

115. The actions and omissions of Defendant CITY's its agents and/or employees Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, were the actual and proximate cause of Plaintiff BARMAPOV-SEGEV'S injuries and damages, for which Defendant CITY can be held directly and vicariously liable.

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court

award the following damages against Defendant CITY, Defendant MARTINEZ, Defendant WILLIAMS, Defendant DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES, pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

      a.      Award compensatory and actual damages to Plaintiff;

      b.      Award costs of this action to Plaintiff;

      c.      Award punitive damages to Plaintiff;

      d.      Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff BARMAPOV-SEGEV respectfully requests that this Court award the following damages against Defendant CITY OF MIAMI, Defendant JEM MARTINEZ, Defendant ALTRON WILLIAMS, Defendant MARIO DELL AMICO, Defendant GONZALEZ, Defendant HARRISON, and Defendant REYES pursuant to Florida Statutes and the laws of the State of Florida, including but not limited to the following:

      a.      Award compensatory and actual damages to Plaintiff;

      b.      Award costs of this action to Plaintiff;

      c.      Award punitive damages to Plaintiff;

      d.      Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

### TRIAL BY JURY

WHEREFORE, Plaintiff BARMAPOV-SEGEV hereby demands a trial by jury on all issues so triable.

DATED this 13th day of August, 2019.

Respectfully submitted,

  /s/Jose Baez_____
**Jose Baez, Esquire**
FBN: 13232
THE BAEZ LAW FIRM
40 SW 13th Street, Ste. 901
Miami, Florida 33134
(305) 999-5100 Telephone
(305) 999-5111 Facsimile
*Attorney for Plaintiff*


  /s/Jasmine Rand_____
**Jasmine Rand, Esquire**
FBN: 0077047
**RAND LAW, L.L.C.**
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
(305) 906-6400 Telephone
(305) 503-9235 Facsimile
Email: jasminerand@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Summons to all Defendants with initial discovery requests.

Respectfully submitted,

  /s/Jose Baez_____
**Jose Baez, Esquire**
FBN: 13232
THE BAEZ LAW FIRM
1200 Brickell Avenue, Ste. 620
Miami, Florida 33131

(305) 999-5100 Telephone
(305) 999-5111 Facsimile
*Attorney for Plaintiff*


*/s/Jasmine Rand*
**Jasmine Rand, Esquire**
FBN: 0077047
*Attorney for Plaintiff*